IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| Y.R.V., : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Case No. 4:25-cv-333-CDL-CHW |
| : | 28 U.S.C. § 2241 |
| WARDEN, STEWART DETENTION : | |
| CENTER,[1] : | |
| : | |
| Respondent. : | |

# ORDER

The Court received Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 on October 20, 2025 (ECF No. 1), accompanied by Petitioner's motion to proceed *in forma pauperis* ("IFP") (ECF No. 3). Petitioner's motion demonstrates that he cannot pay the $5.00 filing fee. Thus, the Court **GRANTS** the motion to proceed IFP (ECF No. 3). Having initially reviewed Petitioner's application, the Court finds good cause to extend the time for a response. 28 U.S.C. § 2243. Accordingly, Respondents shall have twenty-one (21) days to file a comprehensive response to said application. Within fourteen (14) days thereafter, Petitioner should file any desired reply. The Court will consider whether to hold an evidentiary hearing once briefing is complete.

Petitioner has also moved for the appointment of counsel. (ECF No. 2). Petitioner cites 18 U.S.C. § 3006A(a)(2)(B) as the authority under which counsel should be appointed. *Id.* In relevant part, the statute provides that "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible

---

[1] [T]he default rule [for claims under 28 U.S.C. § 2241] is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.*" Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (citations omitted). The Clerk's office is **DIRECTED** to change the docket to reflect the Warden of Stewart Detenion Center as the sole appropriately named respondent in this action.

person who . . . is seeking relief under [28 U.S.C. § 2241]." 18 U.S.C. § 3006A(a)(2)(B). However, the issues in this case are neither factually nor legally complex. Petitioner has set forth the essential factual allegations underlying his claims in his habeas application, and the applicable legal doctrines are readily apparent. Further, the Court finds no factual dispute which would necessitate either discovery or an evidentiary hearing at this time. Thus, the interests of justice do not require the appointment of counsel in this case. Accordingly, Petitioner's motion for appointed counsel (ECF No. 2) is **DENIED**. If it becomes apparent at a later point in this proceeding that Petitioner is entitled to appointed counsel, he may refile his motion.

    **SO ORDERED**, this 22nd day of October, 2025.

                                                         s/ Charles H. Weigle
                                                         Charles H. Weigle
                                                         United States Magistrate Judge